*205 OPINION of the Court, by
Judge Owseey..
.Simon Kenton conveyed to John Kenton various tracts of land and other property, in trust to pay debts owing by Simon to different persons’ named in the trust; but reserv-iHg, however, the right to Simon at any time thereafter *206 to direct John to pay any other debt which he was then owing. After this Simon sold one of the tracts of land named in the trust to Durret, received part of the pay therefor, and took Durret’s bond to pay $3000, the balance of the price, w ithin four years from its date, unless Durret should choose to pay the same in good cash bonds or notes assigned by him within three years. This bond was afterwards assigned by Simon to John, as his trustee, for the use of Simon, and to answ er debts which John was to pay for him5 and Simon and John both joined in a deed of conveyance with general warranty to Durret, for the tract of land sold by Simon to him.
One of the traéis ís fold & conveyed by S and J to D, for 300© dollars, with liberty to pay in good ca(h bonds in three years.
This debt was affigned alfo by S to J in irutt as be. fore.
Rtfolvedf that c-aiii bonds executed and dire by Sj and af-figned to D, are good tenders in dif-charge of his obligation 5 & ordered by the chancellor to be fet off a-gainft the judg, snent at law.
A fee bilí if, fued againft D, S and J, not allowed to be fet off in equity, not appear, ingtdbe connected with the tiansa&iotu
Before three years had elapsed from the date of the bond from Durret to Kenton, Durret obtained from the creditors of Simon two cash bonds owing by Simon at the date of the deed of trust, one of which had been given to Stephen Treacle, and the other to Christopher Man, and made atender thereof to John Kenton, in satisfaction of his obligation. John refused to receive the bonds in satisfaction, and brought suit against Durret and obtained a judgment at law.
In the meantime part of the land sold to Durret was lost by an adverse paramount claim ; and Durret, to obtain a credit in consequence thereof, and also to obtain a credit for the two bonds on Simon Kenton, with other alleged grounds of equity, exhibited ids bill to be relieved against the judgment at law; but as all the matters of dispute have been adjusted by the parties, except that wdiich respects Durret’s right to a credit for the two bonds, our inquiries will be confined principally to that subject.
With respect to the bond given by Simon Kenton to Treacle, we can perceive no possible reason why Dur-ret should not have a credit, for it is expressly named in the deed of trust from Simon to John as one of the debts which were to he discharged, and the record affords no proof whatever of its having been in anywise paid. The bond given to Man also bears daté prior to the deed of trust, and appears still to be an existing debt; and whether it is considered with respect to the stipulations of the bond given by Durret to Kenton, or in relation to the effect of the deed of trust, in either point of view Dur-ret should be allowed a credit. Simon Kenton, by assigning the bond to John, could'not affect Durret’s right to discharge it in cash bonds •, and as the bond given to *207 Man is one of that character, John should have given him a credit for jt.
The circumstance of the tract of land having been included in the deed of trust, and the bond of Durret having also been assigned to John in trust to pay the debts of Simon, cannot affect the case : for ashy the terms of the trust Simon reserved to himself the right of control-ing the trust by directing John to pay other debts, it might be a question whether under such circumstances it could in any possible case affect the right of any of Simon’s creditors; but more especially, under the circumstances of this case, where Si mon by the assent of John has sold the land to Durret, and taken his obligation to pay, a compliance by Durret with the stipulations of his bond is all that can be required.
With respect to a credit claimed by Durret for a fee-hill which issued from the clerk of the federal district court against him, Simon and John Kenton, and which has been paid by Durret, it need only be, remarked, that as it appears to have no connection with the main subject of contest, and as Durret has ample remedy therefor in the ordinary mode of action, we suppose the circuit court properly refused to allow* a credit in consequence thereof.
Decree reversed with costs, and the cause remanded for a decree to be entered according to the principles of this opinion.